**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re ROBERT MICHAEL DAVIS, ) | Case No. 09-60167-LYN |
| ) | |
| Debtor. ) | |
| ) | |
| W. CLARKSON MCDOW, JR., ) | Adversary Proc. No. 09-06072 |
| UNITED STATES TRUSTEE, FOR ) | |
| REGION FOUR, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ROBERT MICHAEL DAVIS, ) | |
| ) | |
| Defendant, ) | |
| ) | |

## MEMORANDUM

This matter comes before the court on a complaint filed by the United States Trustee to deny the discharge of Robert Michael Davis ("the Debtor") under Section 727 of the Bankruptcy Code.

*Jurisdiction*

1

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(J). Accordingly, this court may render a final decision.

*Facts*

Since 1998, and at all times relevant to the consideration of this motion, the Debtor has operated a construction business through a limited liability corporation know as the Clients Concept Construction, LLC ("LLC"). The Debtor is the sole owner of the LLC. He pays income taxes on a pass-through basis as if he operated the LLC as a sole proprietorship.

In 2008, the Debtor sold three vehicles and a boat ("the Sold Property") for a total of approximately $28,000.00. All of the sales were conducted through arm's length transactions and all were for reasonably equivalent value.

On January 20, 2009, the Debtor filed the above styled bankruptcy petition. The Debtor failed to disclose the sales of the Sold Property in either his Schedules or his Statement of Financial Affairs. The Debtor subsequently disclosed the sales of the Sold Property in response to inquiries from the United States trustee. The Debtor did not disclose the existence of the LLC on his schedules. The Chapter 7 trustee filed a report of no assets.

On June 19, 2010, the United States trustee filed a complaint under 11 U.S.C. § 727 seeking a judgment denying the debtor his discharge.

*Discussion*

The United States Trustee's complaint contains three causes of actions seeking a judgment denying the Debtor's discharge under Section 727(a)(2),(4)&(5). At trial, the United States trustee withdrew his objection to discharge based on Section 727(a)(5).

The complaint is based on two facts. First, the Debtor failed to disclose the sales and

transfers of the Sold Property. Second, the Debtor failed to disclose that he conducts business through the LLC and not as a sole proprietorship.

The United States trustee has the burden of proving the objection to discharge. See Fed. R. Bankr. P. 4005. The standard of proof in a discharge action is the preponderance of the evidence. Farouki v. Emirates Bank Intern., Ltd., 14 F.3d 244, 249 (4th Cir. 1994). The burden of proving each of the elements of a cause of action under Section 727 rests on the party objecting to the discharge. Fed. R. Bankr. P. 4005. Also see, In re Mascolo, 505 F.2d 274, 276 (1st Cir.1974); and In re Seablom, 45 B.R. 445, 449 (Bkrtcy.D.N.D.1984). The creditor must carry the burden of persuasion by a preponderance of the evidence. Farouki v. Emirates Bank International, 14 F.3d 244, 250 (4th Cir. 1984). Although the burden may shift to the defendant to provide rebuttal evidence after a plaintiff has established a prima facie case, the ultimate burden or persuasion is on the plaintiff. Id.

I.

The United States trustee first argues that the Debtor should be denied his discharge because he failed to disclose the transfer of the Sold Property. Section 727(a)(2) provides in relevant part that the "court shall grant the debtor a discharge, unless . . . the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed . . . property of the debtor, within one year before the date of the filing of the petition . . ."[1]

---

[1] Section 727(a)(2) provides:

(a) The court shall grant the debtor a discharge, unless–
    . . .

To establish that discharge should be denied for a debtor's transfer or concealment of his or her property, a creditor must show four elements: (1) a transfer or concealment of property, (2) belonging to the debtor, (3) within one year of the filing of the petition, and (4) with intent to hinder, delay, or defraud a creditor or officer of the estate. In re Pratt, 411 F.3d 561 (5th Cir. 2005). Also see Pavy v. Chastant (In re Chastant), 873 F.2d 89, 90 (5th Cir.1989).

The elements are presented in the conjunctive. Consequently, the burden is on the United States trustee to prove each of the elements by a showing of the preponderance of the elements.

It is not contested that the Debtor transferred property of the estate with the one-year period pre-petition. It is concluded that the transfers were material, notwithstanding the fact that the Chapter 7 trustee concluded, after the fact, that the transfers were neither fraudulent nor preferential. It is not the debtor's prerogative to ignore transfers because he or she believes they are not material. Rather, it is the debtor's duty to disclose his or her transfers and let the trustee and creditors determine whether they are material.

We turn now to the element of intent. The intent to defraud must be actual, not constructive. Id. at 91. Nevertheless, "[a]ctual intent ... may be inferred from the actions of the debtor and may be proven by circumstantial evidence." Id. at 91. In Pavy, the Court listed the factors that show actual intent to defraud: (1) the lack or inadequacy of consideration; (2) the family, friendship or close associate relationship between the parties; (3) the retention of

---

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
    (A) property of the debtor, within one year before the date of the filing of the petition; or
    (B) property of the estate, after the date of the filing of the petition;

possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of the events and transactions under inquiry.  Id.

An examination of these factors leads this court to conclude that the Debtor did not intend to hinder, delay, or defraud a creditor or officer of the estate when he sold the Sold Property.  Each of the items was sold for cash in an amount that represented its fair market value.[2]   The items were sold to non-family members in arm's length transactions.[3]  There is no evidence that the Debtor retained control over, or benefit from, any of the Sold Property.  The Debtors financial condition remained the same after each sale as it had before that sale, a conclusion that is necessarily reached by the finding that each item was sold for fair market value.  The Debtor testified he sold the Sold Property to pay his living expenses and to keep his business going.

When asked why he sold the Sold Property, the Debtor testified: "Because I had no money.  I used that money to pay the mortgage, and pay cards, and everybody else that was beating down the door."[4]  This statement is supported by the fact that the Debtor's Adjusted Gross Income was $400.00 on his 2008 Federal Tax Return and was $7,076.00 on his 2009 Federal Tax Return.  While the sales of the Sold Property were the result of financial pressure, the Debtor used the

---

[2] At the hearing on this matter, the United States trustee admitted that such was the case.

[3] At the hearing on this matter, the United States trustee admitted that such was the case.

[4] Transcript at p. 16:17-19.

proceeds to pay necessary business and living expenses. He did not transfer the Sold Property to hinder delay or defraud his creditors.

This conclusion is strongly supported by the fact that the Court found the Debtor to be a very credible witness whose testimony was generally supported by, and never contradicted by, the facts in the record.

The United States trustee presented no evidence that supports the element of intent. It is concluded that the Debtor's failure to disclose the sales of the Sold Property was not the result of an intent to hinder, delay, or defraud a creditor or an officer of the estate.

II.

The United States trustee argues that the Debtor's discharge should be denied under 11 U.S.C. § 727(a)(4)(A).[5] Section 727(a)(4)(A) provides that a debtor shall be denied a discharge if he or she knowingly and fraudulently makes a false oath in connection with the case. Under 11 U.S.C. § 727(a)(4)(A), a debtor's discharge may be denied if he made (1) a false oath, (2) in or in connection with their bankruptcy case, (3) knowingly, and (4) fraudulently. In order for a statement to be fraudulent, it must meet the elements of fraud.

In order to prevail, then, the United States trustee must demonstrate that the false oath

---

[5] Section 727(a)(4) provides:

(a) The court shall grant the debtor a discharge, unless–
. . .
    (4) the debtor knowingly and fraudulently, in or in connection with the case--
        (A) made a false oath or account;
        (B) presented or used a false claim;
        (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
        (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

6

constituted an act of fraud. Fraud in the context of an action in bankruptcy is fraud as defined under the common law. See Field v. Mans, 516 U.S. 59, 69, 116 S.Ct. 437, 443, 133 L.Ed.2d 351 (1995) (Concluding that under 11 U.S.C. § 523(a)(2)(A) a plaintiff must prove the common law elements of fraud as distilled in the Restatement (Second) of Tort.).[6] One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation. Restatement (Second) of Torts, § 525.

In order to be denied a discharge under section 727(a)(4)(A), the defendant must have made a statement under oath which he knew to be false and he must have made the statement willfully, with the intent to defraud. Williamson v. Fireman's Fund Insurance Company, 828 F.2d 249 (4th Cir. 1987). This is to say that the Debtor must *intend* to deceive.

The Fourth Circuit Court of Appeals has recognized that, in evaluating a § 727(a)(4)(A) claim, "a determination concerning fraudulent intent depends largely upon an assessment of the credibility and demeanor of the debtor." In re French, 499 F.3d 345, 353-354, (4th Cir. 2007) (Quoting Williamson, 828 F.2d at 251.).

In this case, while it is concluded that the Debtor made a false oath that was material in connection with the case, it is also concluded that the Debtor did so without any intent to deceive

---

[6] "The operative terms in § 523(a)(2)(A)...'false pretenses, a false representation, or actual fraud,' carry the acquired meaning of terms of art. They are common law terms, and... they imply elements that the common law has defined them to include." Field v. Mans, 516 U.S. 59, 69, 116 S.Ct. 437, 443, 133 L.Ed.2d 351 (1995). "Then, as now, the most widely accepted distillation of the common law of torts was the Restatement (Second) of Torts (1976), published shortly before Congress passed the Act." Id., 516 U.S. at 70, 116 S.Ct. at 443-444. "We construe the terms in § 523(a)(2)(A) to incorporate the general common law of torts, the dominant consensus of common-law jurisdictions, rather than the law of any particular state." Id. at footnote 9.

the trustee, the creditors, or the Court. This conclusion is based upon both the credibility of the Debtor and the relevant facts as described above.

It is concluded that the Debtor did not knowingly and fraudulently makes a false oath in connection with the case.

*Conclusion*

The Debtor did not *intend* to hinder, delay or defraud his creditors, nor did he knowingly and *fraudulently* make a false oath in connection with this case.

An appropriate judgment shall issue.

Upon entry of this Memorandum, the Clerk shall forward a copy to the United States Trustee, and Larry Miller, Esq., counsel for the Defendant.

Entered on this  21st  day of September, 2010.

_____
William E. Anderson
United States Bankruptcy Judge